*E-FILED 4/27/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUREFLAM CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>PHO HOA PHAT I, INC., ET AL.,<br><br>    Defendants.<br>_____/ | NO. 5:05-cv-746 RS<br><br>**ORDER DENYING DEFENDENTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants Pho Hoa Phat I, Inc., Pho Hoa Phat II, Inc., and Johnny Lee (collectively, "PHP") move to dismiss a complaint filed by plaintiff Aureflam Corporation ("Aureflam") for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1), and for failure to state a claim on which relief can be granted under Fed. R. Civ. Pro. 12(b)(6). The motion is based on PHP's contention that the averments in the pleading are devoid of substantive merit, that the complaint itself is fatally defective since it does not mention interstate commerce or any effect thereon, as required by Title 15 U.S.C. § 1127 ("Lanham Act"), and that Aureflam has not properly alleged the requisite "injury in fact" under California Business and Professions Code Sections 17200 and 17500. The motion was fully briefed and heard by the Court on April 27, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion to dismiss, for the reasons set forth below.

## II.  BACKGROUND

Aureflam has operated and franchised a chain of restaurants serving Vietnamese-style cuisine under the name "Pho Hoa" since 1986.  Aureflam is also the owner of the federally registered service mark "Pho Hoa" ("PH mark") covering the field of "restaurant services," and registered at the United States Patent & Trademark Office on November 19, 1996 (Registration No. 2,017,091).  Johnny Lee is an officer and director of Pho Hoa Phat I and Pho Hoa Phat II, Vietnamese-style restaurants that conduct business under the name "Pho Hoa Phat."  Prior to this lawsuit, Aureflam demanded that PHP cease and desist the use of the name "Pho Hoa Phat."  PHP refused.

Aureflam now avers that the operation of restaurants by PHP under the name "Pho Hoa Phat" infringes on the PH mark in violation of the Lanham Act, and is thus likely to cause confusion, mistake, and/or to deceive the public.  In addition, Aureflam contends that defendants' operation also constitutes unlawful business practices under Cal. Bus. and Prof. Code §17200.

## III.  STANDARDS

In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party.  Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).  A complaint or counterclaim is subject to dismissal as a matter of law under Rule 12(b)(1) if such complaint or counterclaim lacks subject matter jurisdiction.  "[A] federal claim must have substance sufficient to confer subject matter jurisdiction on the court."  Finley v. U.S., 490 U.S. 545, 564 (1989), citing Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933).  "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."  Id. at 564, citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

A complaint or counterclaim is subject to dismissal as a matter of law under Rule 12(b)(6) for: (1)

2

lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

## IV. DISCUSSION

### A. <u>The Complaint States A Claim</u>

PHP argues that the name "Pho Hoa" is generic and cannot therefore be trademarked, and further that Aureflam fraudulently obtained its trademark registration. Aureflam responds that the PH mark registration has become incontestable per the Lanham Act, and is accordingly conclusive evidence of the mark's validity. In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. The Court must therefore assume, at least for purposes of this motion, that the PH mark is incontestable. "[To] the extent that the right to use the registered mark has become incontestable ...the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). Therefore, the motion to dismiss on this basis is denied.

### B. <u>The Complaint Properly Invokes Federal Jurisdiction</u>

PHP argues that the Court lacks subject matter jurisdiction under 28 U.S.C. §1331 since the Complaint makes reference solely to intrastate commerce within California, and that the word "commerce" as used in the Lanham Act mandates an impact on interstate commerce. Aureflam counters that in the context of Lanham Act trademark infringement, federal courts have consistently found that even purely intrastate acts of infringement have a sufficiently adverse effect on interstate commerce to give rise to federal jurisdiction.

"'Commerce' is defined in the [Lanham Act] as meaning 'all commerce which may lawfully be regulated by Congress'. Even if the activities ...are solely in intrastate commerce, Congress can regulate such activity if it is 'sufficiently substantial and adverse to Congress' paramount policy declared in the Act." <u>Maier Brewing Co. v. Fleischmann Distilling Corp.</u>, 390 F.2d 117, 120 (9th Cir. 1968). "This bill... has as

its object the protection of trade-marks, securing to the owner the good will of his business and protecting the public against spurious and falsely marked goods." Id. at 120, citing S.Rep. No. 1333, 79th Cong., 2d Sess. 1-2 (1946). The Court must therefore conclude, at least for purposes of this motion, and viewing the allegations in the light most favorable to Aureflam, that PHP's operation of restaurants under the "Pho Hoa Phat" name has caused confusion, mistake, and/or deceived the public, and that this confusion, mistake, and/or deception affects interstate commerce. Therefore, the motion to dismiss on this basis is denied.

### C. Claim For Relief Under §17200

PHP argues that Aureflam has not ascertained the amount of damage caused by the infringement of the PH mark, and hence has not properly alleged an "injury in fact" as required under Cal. Bus. and Prof. Code §17200.[1] Aureflam argues that it properly avers a direct injury to the PH mark by alleging unauthorized use of the confusingly similar "Pho Hoa Phat" name by PHP. Hence, Aureflam contends, it has properly stated a claim for relief under Cal. Bus. and Prof. Code Sections 17200 and 17500.

As previously stated, in ruling on a motion to dismiss, the Court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. The Court must therefore assume, at least for purposes of this motion, that a direct injury to the PH mark has occurred under Cal. Bus. and Prof. Code Sections 17200 and 17500. In addition, since the Court has previously denied PHP's motion to dismiss for lack of subject matter jurisdiction, the Court may exercise supplemental jurisdiction under 28 U.S.C. §1367(a) for related claims under Cal. Bus. and Prof. Code Sections 17200 and 17500. Therefore, the motion to dismiss on this basis is denied.

### V. CONCLUSION

For the reasons stated above, the Court denies defendants' motion to dismiss.

IT IS SO ORDERED.

---

[1] PHP also argues that Aureflam's state law claims must fall as no basis for federal jurisdiction exists. As noted above, however, this Court has determined that Aureflam has properly invoked federal subject matter jurisdiction in its complaint.

4

Dated: April 27, 2005              /s/ Richard Seeborg
                                  RICHARD SEEBORG
                                  United States Magistrate Judge

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

John C. Gorman     jgorman@gormanmiller.com

Craig Alan Hansen     chansen@gormanmiller.com

Lawrence P. Ramirez     sanjoselaw@aol.com,

**Dated: 4/27/05**               **Chambers of Judge Richard Seeborg**

**By:     /s/ BAK**

**United States District Court**
For the Northern District of California