John C. Gorman, #91515
Craig Alan Hansen, #209622
GORMAN & MILLER, P.C.
210 North Fourth Street, Suite 200
San Jose, CA. 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
and Counter-Defendant
AUREFLAM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUREFLAM CORPORATION, a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>PHO HOA PHAT I, INC., a California Corporation; PHO HOA PHAT II, INC., a California Corporation; JOHNNY LEE, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C05 00746 RS<br><br>AUREFLAM CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: June 22, 2005<br>Time: 9:30 a.m.<br>Courtroom 4, 5th Floor<br><br>Hon. Richard Seeborg |

# TABLE OF CONTENTS


Page

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

NATURE OF THE ACTION ........ 3

PROCEDURAL HISTORY ........ 3

ARGUMENT ........ 4

I. AUREFLAM'S FEDERALLY REGISTERED MARK IS INCONTESTABLE ..... 4

II. THE FIRST COUNTERCLAIM FOR CANCELLATION SHOULD BE DISMISSED ........ 5

A. Defendants' Have Failed to State a Claim for Cancellation Based Upon Fraud on the USPTO ........ 5

B. Defendants Fail to State a Cognizable Claim for Cancellation on the Basis that Aureflam's Registered Mark is "Generic or Descriptive ........ 9

1. An Incontestable Trademark Registration May Not be Challenged on the Basis that the Mark is Descriptive ........ 9

2. Defendants Have Not Alleged Facts Demonstrating that the "Pho Hoa Mark is Generic ........ 10

III. THE SECOND COUNTERCLAIM FOR DAMAGES SHOULD BE DISMISSED ........ 11

IV. THE THIRD COUNTERCLAIM FOR INJUNCTIVE RELIEF UNDER CAL. BUS. & PROF. CODE § 17200 SHOULD BE DISMISSED ........ 13

V. AUREFLAM IS ENTITLED TO A MORE DEFINITIVE STATEMENT ...... 15

# TABLE OF AUTHORITIES


Cases — Page

Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036 (9th Cir. 1999) ............. 5

Concha v. London, 62 F.2d 1493 (9th Cir. 1995) ................. 6

Desaigoudar v. Meyercord, 223 F.3d 1020 (9th Cir. 2000) ...... 5-6

Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985 (8th Cir. 1993) .................................. 12

Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203 (T.T.A.B. 1997) .......................... 7-9

King Automotive, Inc. v. Speedy Muffler King, Inc., 667 F.2d 1008, 212 U.S.P.Q. 801 (C.C.P.A. 1981) ................ 7

KP Permanent Make-up, Inc. v. Lastings Impression I, Inc., 328 F.3d 1061, 66 U.S.P.Q. 2d 1509 (9th Cir. 2003) ........... 10

MGIC Indemnity Corp. v. Weisman, 803 F.2d 500 (9th Cir. 1986) .................................. 3

Ohio State University v. Ohio Uniersity, 51 U.S.P.Q.2d 1289 (T.T.A.B. 1999) ............................ 7

Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 105 S. Ct. 658 (1985) ..................... 2, 5, 10

San Juan Products, Inc. v. San Juan Pools, Inc., 849 F.2d 468, 7 U.S.P.Q. 2d 1230 (10th Cir. 1998) .............. 6

Ty, Inc. v. Softbelly's, Inc., 353 F.3d 528, 69 U.S.P.Q. 2d 1213 (7th Cir. 2003) ............. 11

Vess v. Ciba-Geigy Corp USA, 317 F.3d 1097 (9th Cir. 2003) ..... 6

Statutes

15 U.S.C. § 1064 ........................................ 4

15 U.S.C. § 1065 ........................................ 1

15 U.S.C. § 1114 ........................................ 3

15 U.S.C. § 1115(b) ................................ 1, 5, 9

15 U.S.C. § 1119 .......................................... 1, 11
15 U.S.C. § 1120 .......................................... 1, 11
Cal. Bus. & Prof. Code § 17200 ......................... 1-3, 13
Cal. Bus. & Prof. Code § 17204 ............................... 14
Cal. Bus. & Prof. Code § 17500 ................................ 3
Cal. Civ. Proc. Code § 1021.5 ................................ 15
Initiative Measure (Prop. 64), § 3 ...................... 2, 14-15

Rules

Fed. R. Civ. P. 9(b) ...................................... 1, 5
Fed. R. Civ. P. 12(b)(6) .................................. 1, 5
Fed. R. Civ. P. 12(e) ..................................... 1, 16

OTHER AUTHORITIES

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004) ................................ 4, 5, 7, 10

TO DEFENDANTS/COUNTERCLAIMANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2005 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Richard Seeborg, plaintiff and counter-defendant Aureflam Corporation ("Aureflam") will move for an order dismissing the counterclaims asserted by defendants and counter-claimants Pho Hoa Phat I, Inc., Pho Hoa Phat II, Inc., and Johnny Lee (collectively "defendants").

This motion is made pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) on the basis that the counterclaim fails to state a claim upon which relief may be granted and does not plead fraud with the requisite particularity. Alternatively, Aureflam moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e) on the basis that the counterclaim is so vague and ambiguous that Aureflam cannot reasonably be required to frame a responsive pleading.

MEMORANDUM OF POINTS AND AUTHORITIES

This case was filed by Aureflam as an action for infringement of its federally registered service mark on the term "Pho Hoa" in the category of restaurant services. The "Pho Hoa" mark was registered with the USPTO in November 1996 and has become incontestable pursuant to Section 15 (15 U.S.C. § 1065) and Section 33(b) (15 U.S.C. § 1115(b)) of the Lanham Act.

The counterclaim consists of three causes of action: (1) cancellation of Aureflam's registration pursuant to 15 U.S.C. § 1119; (2) damages under 15 U.S.C. § 1120; and (3) injunctive relief under California's Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200.

The first and second counterclaims appear to be based on the

assertion that Aureflam supposedly submitted "false" information to the USPTO in connection with its trademark application and that Aureflam's "Pho Hoa" mark is "merely generic and/or descriptive." (Counterclaim at 6-8)(emphasis added). Defendants' vague and conclusory allegations of fraud fail to satisfy the heightened pleading requirements that exist for fraud causes of action under Fed. R. Civ. P. 9. Defendants have similarly failed to allege any facts demonstrating that Aureflam's federally registered mark is subject to cancellation. Alleging that a mark is "generic and/or descriptive" does not suffice to state a claim because "[m]ere descriptiveness is not recognized by either § 15 or § 33(b) as a basis for challenging an incontestable mark." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196, 105 S. Ct. 658 (1985).

Defendants' third cause of action attempts to assert a state law unfair competition claim under Cal. Bus. & Prof. Code § 17200 as a "representative action" on behalf of unspecified members of the "Vietnamese community." Since defendants' federal claims fail, defendants' pendent UCL claim must also be dismissed. The UCL claim also fails because such representative actions have been abolished by the passage of Initiative Measure (Prop. 64), § 3, by the People of California and because there is nothing "unlawful" or "unfair" or "fraudulent" about using a validly registered federal trademark in connection with the operation of a business.

Aureflam submits that each of the counterclaims should be dismissed for failure to state a claim. Alternatively, Aureflam submits that the Pho Hoa Phat defendants should be ordered to clarify the allegations of their counterclaims to so as to enable

Aureflam and this court to understand the nature of the claims that are being asserted.

## NATURE OF THE ACTION

Aureflam's complaint alleges that it has been in the business of operating and franchising restaurants serving Vietnamese-style cuisine under the name "Pho Hoa" since 1986. Aureflam registered the "Pho Hoa" service mark with the USPTO on November 19, 1996.

Defendants admit that they operate Vietnamese-style restaurants under the name "Pho Hoa Phat" in Pleasant Hill and Vallejo, California. Their pleadings do not state when they first started using the "Pho Hoa Phat" name. However, the California Secretary of State's website reflects that both of the corporate defendants were incorporated on January 13, 2004 (i.e., more than seven years after the federal registration of Aureflam's "Pho Hoa" service mark).[1]

## PROCEDURAL HISTORY

Aureflam filed this lawsuit asserting violation of the Lanham Act (15 U.S.C. §§ 1114 and 1125) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 & 17500) on February 18, 2005.

On March 21, 2005, defendants filed a motion to dismiss the complaint on various grounds. This motion was denied on April 27, 2005. On April 29, 2005, the Pho Hoa Phat defendants filed an answer denying Aureflam's claims and asserting counterclaims seeking cancellation of Aureflam's "Pho Hoa" mark along with and damages and injunctive relief.

---

[1] Printouts from the California Secretary of State's website reflecting this information are attached hereto as Exhibit A. Aureflam asks that this court take judicial notice of these official records pursuant to Fed. Rule Evid. 201. MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)(court may take judicial notice of official records and reports in ruling on Rule 12(b)(6) motion).

## ARGUMENT

## I. AUREFLAM'S FEDERALLY REGISTERED MARK IS INCONTESTABLE

An action to cancel a federal trademark typically must be filed within five years of the date of registration of the challenged mark. 15 U.S.C. § 1064. After the five year period has elapsed, a registered mark may not be cancelled based on the existence of a previously registered or used trademark:

> Perhaps the most important ground foreclosed after five years ... is cancellation based on the petition's ownership of a registered or used trademark. Thus, if a trademark user obtains federal registration and proceeds to build a business under the mark without knowledge of a prior, remote and unregistered mark, it is vulnerable to having its registration cancelled under Section 14 at the behest of the prior user for only five years. <u>At the end of five years, however, the prior use may not be asserted as a ground for cancellation and is forever barred under Section 14</u>.

Gilson, Lalonde, and Green, <u>Trademark Protection and Practice</u>, (Mathew Bender 2004), § 4.03[1] (emphasis added).

Once a mark has become "incontestable," such registration represents <u>conclusive evidence</u> of the mark's validity, the registrant's ownership of the mark, and its exclusive right to use the mark in commerce by virtue of 15 U.S.C. § 1115(b):

> Under Section 33(b), as amended in 1988, <u>an incontestable registration is "conclusive evidence" of (1) the validity of the registered mark, (2) the registrant's ownership of the mark, and (3) the registrant's exclusive right to use the mark in commerce</u>. The "conclusive evidence" of the "exclusive right to use" are powerful arsenals in the hands of a plaintiff in an infringement action.

Gilson, Lalonde, and Green, <u>Trademark Protection and Practice</u>, (Mathew Bender 2004), §4.03[3](emphasis added).

<u>Accord</u>, <u>Park'N Fly v. Dollar Park and Fly, Inc.</u>, 469 U.S. 189 (1985)

(infringement action involving incontestable registration "may not be defended on the grounds that the mark is merely descriptive."); Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1048 (9th Cir. 1999)(plaintiff's "federally registered trademark ... is now incontestable, meaning that its validity and legal protectability, as well as [its] ownership therein, are all conclusively presumed.").

An "incontestable" trademark is invulnerable to attack except under a handful of very narrow exceptions. One exception is where a defendant proves that the challenged registration was obtained "fraudulently." 15 U.S.C. § 1115(b)(1). While the counterclaims appear to rely upon this exception, the fraud allegations contained in the counterclaim do not remotely satisfy the exacting Fed. R. Civ. P. 9(b).

## II. THE FIRST COUNTERCLAIM FOR CANCELLATION SHOULD BE DISMISSED

### A. Defendants' Have Failed to State a Claim for Cancellation Based Upon Fraud on the USPTO

Fed. R. Civ. P. 12(b)(6) requires dismissal of a counterclaim unless the pleader's allegations "state a claim upon which relief can be granted." Fed. R. Civ. P. 9(b) mandates that any allegedly fraudulent conduct must be pleaded with particularity:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Accord, Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-1023 (9th Cir. 2000)(fraud must be pled "with a high degree of meticulousness").

> The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity,

> <u>defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing</u>.

<u>Concha v. London</u>, 62 F.2d 1493, 1502-1503 (9th Cir. 1995)(emphasis added).

Allegations that do not comply with heightened pleading requirements of Rule 9(b) must be disregarded for purposes of ruling on a motion to dismiss: "[I]f particular averments of fraud are insufficiently plead under Rule 9(b), <u>a district court should 'disregard' those averments, or 'strip' them from the claim</u>. The court should then examine the allegations that remain to determine whether they state a claim." <u>Vess v. Ciba-Geigy Corp USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003)(emphasis added). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." <u>Id</u>. at 1107.

It is well established that a cancellation proceeding premised upon a litigant's allegation that a federally registered trademark has been "fraudulently" obtained is subject to Rule 9(b)'s stringent pleading requirements. <u>San Juan Products, Inc. v. San Juan Pools, Inc.</u>, 849 F.2d 468, 472, 7 U.S.P.Q. 2d 1230 (10th Cir. 1998) ("fraud in the procurement [of a trademark] must be alleged with specificity as required by Rule 9(b), both in federal court and in PTO administrative proceedings"); <u>King Automotive, Inc. v. Speedy Muffler King, Inc.</u>, 667 F.2d 1008, 212 U.S.P.Q. 801 (C.C.P.A. 1981)("because appellant's petition sounds in fraud, the pleadings must satisfy Fed. R. Civ. P. 9(b)"); <u>Ohio State University v. Ohio</u>

Uniersity, 51 U.S.P.Q.2d 1289 (T.T.A.B. 1999)("averments of fraud must include an explicit expression of the factual circumstances alleged to constitute fraud"); Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203, 1205 (T.T.A.B. 1997)("the sufficiency of petitioner's pleading of its fraud claim ... is governed by FRCP 9(b)").

General averments that a trademark applicant had knowledge of another's superior rights to mark do not satisfy Rule 9(b):

> Alleging merely that an applicant "knew or should have known" that another party had superior rights in the mark at issue is insufficient if the allegations set forth no facts on which to base the conclusion.

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004), § 11.08[3][a][ii][A].

Accord, Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q. 2d 1203, 1207 (T.T.A.B. 1997).

In Intellemedia Sports, the TTAB emphasized that it is essential that certain key matters be pled with particularity in order to state a cognizable claim for cancellation based on the alleged submission of a fraudulent trademark application:

> To withstand a motion to dismiss, a plaintiff claiming that the declaration or oath in defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed, must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these

> facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

Id. at 1206 (emphasis added).

The counterclaim filed by the Pho Hoa Phat defendants does not allege any facts supporting cancellation based on fraud against the USPTO, let alone facts that would satisfy heightened pleading requirement under Rule 9. The counterclaim is based solely on its incorporation of conclusory allegations of fraud contained in defendants' "affirmative defenses." These allegations state:

> Defendants are informed, believe and thereon aver that Trademark Registration No. 2,017,091 alleged in plaintiff's Complaint was granted by the U.S. Patent and Trademark Office acting in reasonable reliance on the truth of statements made by or on behalf of plaintiff under oath that were false expressly or by implication and that were made by or on behalf of plaintiff by persons who fully knew that said statements were false. For these reasons, said registration is null and void and of no effect.

(Answer/Counterclaim at 5)(emphasis added).

Defendants' allegations do not identify what fraudulent statements were supposedly made by Aureflam, any restaurants that were supposedly using the Pho Hoa service mark as of Aureflam's registration, how such use of the mark was superior to Aureflam's, or why the Pho Hoa Phat defendants believe that Aureflam was supposedly aware of such pre-existing usage. In sum, the allegations do not come close to satisfying the rigorous pleading requirements established by Rule 9 and Intellimedia.

B. Defendants Fail to State a Cognizable Claim for Cancellation on the Basis that Aureflam's Registered Mark is "Generic or Descriptive"

Defendants' cancellation claim also appears to be based on an assertion that Aureflam's incontestable "Pho Hoa" service mark is

either "generic" and/or "descriptive." These allegations are as follows:

> Trademark Registration No. 2,017,091, referenced in plaintiff's Complaint, or any Trademark Registration purporting to register a trademark or service mark based on the words and symbols "Pho Hoa" <u>was improperly issued by the U.S. Patent and Trademark Office in that said alleged trademark or service mark is merely generic and/or descriptive</u> of the goods and/or services of plaintiff and said mark has not become distinctive of plaintiff's goods or services in interstate commerce.

(Answer/Counterclaim at 5)(emphasis added). These allegations do not provide an appropriate basis for trademark cancellation.

1. <u>An Incontestable Trademark Registration May Not be Challenged on the Basis that the Mark is Descriptive</u>

As stated above, Aureflam's incontestable trademark registration constitutes conclusive evidence of its validity and Aureflam's exclusive right to the registered mark. 15 USC § 1115(b). Based on this irrebutable presumption, the United States Supreme Court has held that an incontestable mark may not be challenged on the basis that a mark is "descriptive":

> <u>The language of the Lanham Act also refutes any conclusion that an incontestable mark may be challenged as merely descriptive</u>. A mark that is merely descriptive of an applicant's goods or services is not registrable unless the mark has secondary meaning. Before a mark achieves incontestable status, registration provides prima facie evidence of the registrant's exclusive right to use the mark in commerce. § 33(a), 15 U.S.C. § 1115(a). The Lanham Act expressly provides that before a mark becomes incontestable an opposing party may prove any legal or equitable defense which might have been asserted if the mark had not been registered. Ibid. Thus, § 33(a) would have allowed respondent to challenge petitioner's mark as merely descriptive if the mark had not become incontestable. With respect to incontestable marks, however, § 33(b) provides that

> registration is conclusive evidence of the registrant's exclusive right to use the mark, subject to the conditions of § 15 and the seven defenses enumerated in § 33(b) itself. Mere descriptiveness is not recognized by either § 15 or § 33(b) as a basis for challenging an incontestable mark.

Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196, 105 S. Ct. 658 (1985)(emphasis added).

Defendants' cancellation claim therefore may not be based on an allegation that the Aureflam's now incontestable "Pho Hoa" mark is merely descriptive.

2. Defendants Have Not Alleged Facts Demonstrating that the "Pho Hoa" Mark is Generic

Defendants' assertion that Aureflam's "Pho Hoa" mark is "generic" is patently frivolous and is belied by defendants' own allegations.

A mark is not "generic" unless consumers understand the word to refer to the goods themselves, rather than the source of the goods. "If the buyer understands the word to refer to the source of the good, the term is not generic." KP Permanent Make-up, Inc. v. Lastings Impression I, Inc., 328 F.3d 1061, 66 U.S.P.Q. 2d 1509 (9th Cir. 2003). Some examples of generic marks are "yo-yo, thermos, aspirin, cellophane, [and] escalator." Gilson, Lalonde and Green, Trademark Protection and Practice, (Mathew Bender 2004) §2.02[4]. Generic terms are terms that have become so commonplace that they become "the exclusive descriptor of the product that sellers of competing brands cannot compete effectively without using the name to designate the product they are selling." Ty, Inc. v. Softbelly's, Inc., 353 F.3d 528, 531, 69 U.S.P.Q. 2d 1213 (7th Cir. 2003).

Defendants' allegations do not contain any facts which indicate that the general public uses the term "Pho Hoa" as a generic reference to any particular service or product. Rather, defendants allege that the word "Pho" -- without "Hoa" -- means "'beef noodle' and refers generally to a popular Vietnamese cuisine centered on beef broth with rice noodle, plus meat, vegetable, garnishes etc. according to individual recipe or style." (Answer/Counterclaim at 3). According to defendants, "'Hoa' can have other meanings. For example, 'Hoa' is a common Vietnamese name. 'Pho Hoa' can mean "Chef Hoa's Beef Noodle.'" Id. (emphasis added).

The defendants' own allegations are fundamentally inconsistent with a claim that the "Pho Hoa" mark is generic.

III. THE SECOND COUNTERCLAIM FOR DAMAGES SHOULD BE DISMISSED

Because defendants have not stated a claim for cancellation based on "fraud on the USPTO" under 15 U.S.C. § 1119, they have also not stated a claim for damages based on such purported fraud under 15 U.S.C. § 1120. The damages claim should be dismissed.

Defendants' damages claim is particularly incomprehensible since they did not begin to use their "Pho Hoa Phat" mark until more than seven years after Aureflam's mark was registered with the USPTO. Defendants lack standing to bring this claim, as they have not articulated how they were damaged as a result of 1996 federal trademark registration that occurred more than seven years before the Pho Hoa Phat restaurants first existed.

Defendants infer that they have been "damaged" by Aureflam's trademark registration in that they "have been compelled to incur substantial expenses in the defense of the present suit, in an amount yet to be ascertained." (Answer/Counterclaims at 6).

However, such purported "damages" do not fall within the purview of 15 U.S.C. § 1120 because they were not and could not have been immediately and directly injured by Aureflam's trademark registration:

> Carrie disclaims reliance on § 1052(c) and emphasizes that its counterclaim is based upon Gilbert's fraud on the PTO. But Carrie did not exist in 1976, when the fraud occurred, so it was not immediately injured by the fact that Gilbert's mark was registered. Nor has Carrie proved that registration fostered either consumer confusion or unfair competition at that time. Carrie's injury arose many years later and is attributable to Gilbert's prior right to employ the HOULIHAN'S name in this line of business, a right established by Gilbert's longstanding use. This injury is not within the zone of interests that § 1120 was intended to protect.

Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 990 (8th Cir. 1993)(emphasis added).

The Gilbert/Robinson holding is particularly applicable in the context of the present case, as the defendants' purported damages (i.e., their attorney's fees and costs) result from defending against a Lanham Act infringement action, not from the registration itself. For example, even if Aureflam had not procured a federal registration of its "Pho Hoa" trademark, it still could have filed a lawsuit for infringement of its rights based on an unregistered common law trademark under 15 U.S.C. § 1125 and under California's state unfair business practices statutes.

The claimed "damages" simply do not flow from the contested trademark registration.

## IV. THE THIRD COUNTERCLAIM FOR INJUNCTIVE RELIEF UNDER CAL. BUS. & PROF. CODE § 17200 SHOULD BE DISMISSED

The third counterclaim is brought under Cal. Bus. & Prof. Code

§ 17200 to preclude Aureflam from using the term "Pho Hoa" on the basis that its trademark registration and associated usage is "an affront to the Vietnamese community." (Counterclaim at 7).

As an initial matter, because the defendants' federal claims fail as a matter of law, this court lacks jurisdiction over defendants' pendent state claim brought under the UCL (Cal. Bus. & Prof. Code §§ 17200, et. seq.). But even aside from this consisderation, UCL claim is patently frivolous.

Based on recent changes to the UCL, the Pho Hoa Phat defendants clearly lack standing to seek redress for "an affront to the Vietnamese community." Before the November 3, 2004 amendments to the UCL enacted by the passage of Proposition 64, a UCL representative action could be filed by anyone "acting for the interests of itself, its members or the general public." This permitted anyone to file "representative actions" without having to satisfy the strict certification requirements of a traditional class action, a situation that the voters of California apparently concluded had resulted in litigation abuses, including a deluge of "frivolous lawsuits [filed] as a means of generating attorney's fees without creating a corresponding public benefit." (Hist. & Stat. Notes to Cal. Bus. & Prof. Code § 17203). In order to remedy this situation, the voters of California passed Initiative Measure (Prop. 64), § 3. This measure amended Cal. Bus. & Prof. § 17204 and eliminated a UCL plaintiff's ability to seek relief on behalf of the "general public."

Notwithstanding these changes to the UCL, defendants presently seek to assert a UCL representative action on behalf of the Vietnamese community:

> Counterclaimants are informed and believe and thereon aver that plaintiff has been employing its null and void service mark obtained through false and fraudulent representations as a device to threaten and injure Vietnamese restaurants that are in competition with or that may be in potential competition with plaintiff's franchisees into abandoning the name "Hoa" in connection with "Pho." Said use of said service mark by counterclaim defendant is known by said counterclaim defendant to be without any substantial legal basis and has been effective only because of the relative financial weakness of those whom counterclaim defendant bullies. The use of such a device in such a campaign is an unlawful business practice as defined under California Business & Professions Code §§ 17200 et. seq. <u>The use of such a device is an affront to the Vietnamese community for whom the phrase "Pho Hoa" is part of a cultural heritage that plaintiff is improperly trying to appropriate and turn into an advertising slogan</u>.
>
> Counterclaimants are victims of plaintiff's unlawful business practices and have suffered actual loss in the nature of attorneys' fees incurred in defense of the principal action herein.
>
> <u>By pursuit of affirmative remedies against plaintiff at additional expense to themselves, counterclaimants are performing a public service protecting the rights of Vietnamese restaurant owners and operators who lack the financial resources to withstand counterclaim defendant's wrongful acts and protecting traditional Vietnamese culture from plaintiff's attempted predation</u>.

(Answer/Counterclaim at 7)(emphasis added).

These are precisely the sort of nonsense allegations that California voters abolished when they passed Prop. 64.

A UCL action may only be asserted by an individual who has suffered a direct injury as a result of another's unlawful/unfair business practices -- and may only be filed on that person's behalf (i.e., it may no longer be asserted on "behalf of the general public" or subclasses of the general public). As stated above,

defendants were not and could not have been injured by Aureflam's 1996 trademark registration because they did not exist until more than seven years after the "Pho Hoa" mark was registered.

It should also be noted that the Pho Hoa Phat defendants seek recovery of attorney fees under the Private Attorney General doctrine. Cal. Civ. Proc. Code § 1021.5. Such fees are only available in an "action which has resulted in the enforcement of an important right affecting the public interest." Id. Since such "representative actions" are no longer available under the UCL, defendants have no basis to seek attorney fees under CCP § 1021.5.

Even if one ignores the lack of standing, the Pho Hoa Phat defendants have not alleged any facts demonstrating that there was anything "unlawful" or "unfair" or "fraudulent" about Aureflam's registration of the "Pho Hoa" mark with the USPTO. It is perfectly lawful and permissible for a corporation to do business under a federally registered service mark.

## V. AUREFLAM IS ENTITLED TO A MORE DEFINITE STATEMENT

If for any reason the court is not inclined to grant the motion to dismiss, Aureflam moves in the alternative for an order requiring that the counterclaimants provide a more definite statement.

Fed. R. Civ. P. 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

The allegations of the counterclaims are so vague and conclusory that it is impossible for Aureflam and this court to know

with particularity the precise acts with which it is being charged.

At a minimum, counterclaimants should be ordered to amend their pleadings to provide a more definite statement of the factual basis underlying their counterclaims, so that Aureflam is meaningfully apprised of the nature of the factual allegations underlying the counterclaims that are brought against it.

GORMAN & MILLER, P.C.

By /s/ CRAIG ALAN HANSEN
CRAIG ALAN HANSEN
Attorneys for Plaintiff and Counter-Defendant Aureflam Corporation