United States District Court

For the Northern District of California

1

2

3                                                          **\*E-FILED 6/24/05\***

4

5

6

7

8

9                        THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                                   SAN JOSE DIVISION

12    AUREFLAM CORPORATION,                    NO. C 05 00746 RS

13                   Plaintiff,                ORDER GRANTING IN PART AND
                                               DENYING IN PART PLAINTIFF'S
14         v.                                  MOTION TO DISMISS COUNTERCLAIMS

15

16    PHO HOA PHAT I, INC., ET AL,

17                   Defendants.

18

19                                   I. INTRODUCTION

20         Plaintiff Aureflam Corporation ("Aureflam") moves to dismiss counterclaims filed by Defendants

21    Pho Hoa Phat I, Inc., Pho Hoa Phat II, Inc., and Johnny Lee ("PHP") for failure to state a sufficient claim

22    under Fed. R. Civ. Pro. 12(b)(6) and 9(b), or, in the alternative, for a more definite statement under Fed.

23    R. Civ. Pro. 12(e).  The motion is based on Aureflam's contentions that (1) its service mark has attained

24    incontestable status under 15 U.S.C. § 1065 ("Lanham Act"); (2) PHP has failed to plead fraud with

25    particularity as required under Fed. R. Civ. Pro. 9(b); (3) PHP has not alleged facts demonstrating that the

26    "Pho Hoa" mark at issue is generic and thus not entitled to trademark protection; (4) statutory damages

27    under 15 U.S.C. § 1120 are not available in the absence of fraud and none has been sufficiently pled; and,

28    (5) PHP's claim for injunctive relief under Cal. Bus. & Prof. Code § 17200 is barred by Proposition 64.

**United States District Court**
For the Northern District of California

1    The motion was fully briefed and heard by the Court on June 22, 2005.  Based on all papers filed to date,

2    as well as on the oral argument of counsel, Aureflam's motion to dismiss PHP's counterclaims is granted in

3    part and denied in part, as explained below.

4                                                    II. BACKGROUND

5          Aureflam has operated and franchised a chain of restaurants serving Vietnamese-style cuisine under

6    the name "Pho Hoa" since 1986. Aureflam is also the owner of the federally registered service mark "Pho

7    Hoa" covering the field of "restaurant services," and registered at the United States Patent & Trademark

8    Office ("PTO") on November 19, 1996 (Registration No. 2,017,091). Johnny Lee is an officer and

9    director of Pho Hoa Phat I and Pho Hoa Phat II, Vietnamese-style restaurants that conduct business under

10   the name "Pho Hoa Phat." Prior to this lawsuit, Aureflam demanded that PHP cease and desist the use of

11   the name "Pho Hoa Phat." PHP refused.

12         Aureflam filed a complaint on February 18, 2005, alleging infringement of its federally registered

13   service mark on the term "Pho Hoa" in the category of restaurant services and alleging that PHP is engaged

14   in an unlawful business practice under California's Unfair Competition Law, Cal. Bus. & Prof. Code §

15   17200.  On April 29, 2005, PHP filed counterclaims for 1) cancellation of Aureflam's service mark

16   registration; 2) damages resulting from fraud upon the PTO; and, 3) injunctive relief under Section 17200.

17   Aureflam's motion to dismiss these counterclaims is now before the Court.

18                                                    III. STANDARDS

19         In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6), all

20   factual allegations are taken as true and the Court will construe the facts in a light most favorable to the

21   nonmoving party. Western Reserve Oil & Gas Co. V. New, 765 F.2d 1428, 1430 (9th Cir. 1985).

22   Dismissal for failure to state a claim can be based either on lack of a cognizable legal theory or the absence

23   of sufficient facts alleged under a cognizable theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699

24   (9th Cir. 1990).  Dismissal is proper only if it appears to a certainty that a plaintiff would not be entitled to

25   relief under any set of facts. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

26   Any existing ambiguities must be resolved in

27   favor of the pleading.  Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).

28                                                          2

United States District Court

For the Northern District of California

IV. DISCUSSION

A. <u>PHP's Cancellation Action</u>

Aureflam moves to dismiss PHP's first counterclaim on the grounds that, as the "Pho Hoa" mark is incontestable per the Lanham Act, PHP must properly plead that the term "Pho Hoa" is generic in order to state a claim for cancellation, and PHP has not done so. PHP argues that it has stated facts sufficient to plead a counterclaim that "Pho Hoa" is generic or descriptive.

Trademarks placed on the Federal Register attain a presumption of validity after five years, and this presumption prevents cancellation challenges on the grounds that a trademark is descriptive and lacks secondary meaning. <u>Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.</u>, 469 U.S. 189 (1985); 15 U.S.C. § 1065. However, a trademark that has attained a presumption of validity can still be attacked on the grounds that it is generic. 15 U.S.C. § 1115(b). Marks found to be generic are subject to cancellation at any time. 15 U.S.C. § 1064(3). A party challenging a trademark that has been placed on the principal register bears the burden of demonstrating by a preponderance of the evidence that the contested mark is a generic term. 15 U.S.C. § 1057; <u>see</u> <u>Coca-Cola Co. v. Overland, Inc.</u>, 692 F.2d 1250, 1254 (9th Cir. 1982) (noting that "Federal registration of a trademark endows with it a strong presumption of validity").

Descriptiveness and genericness are not claims for fraud or mistake and are therefore outside the heightened pleading requirements in Fed. R. Civ. Pro. 9(b). <u>See</u> Fed. R. Civ. Pro. 9(b). Accordingly, these claims are governed by general rules of pleading that only require "a short and plain statement" of jurisdiction and the claim entitling the pleader to the relief requested. Fed. R. Civ. Pro. 8. Bare assertions bereft of allegations of material fact to support them, however, cannot withstand a motion to dismiss for failure to state a claim. <u>See</u> <u>Anderson v. Clow</u>, 89 F.3d 1399, 1403 (9th Cir. 1996).

PHP has set forth facts alleging that "Hoa" is a common Vietnamese name as well as meaning "peace" and "flower" in Vietnamese. PHP alleges that "Pho Hoa" is a generic term for beef noodle soup itself or for restaurants that serve such broth. While not explicitly averred, a fair inference follows from the averments in the counterclaim that the "Pho Hoa" name for restaurants had been in use prior to Aureflam's registration. PHP's claim that "Pho Hoa" is a generic term for restaurants that serve beef noodle soup is supported by its allegations of the meaning and use of "Hoa." Accordingly, Aureflam's motion to dismiss

1   PHP's first counterclaim is denied.

2       B.   PHP's Fraud Damages Counterclaim

3       Aureflam argues that PHP has not met the requisite Fed. R. Civ. Pro. 9(b) burden for alleging fraud

4   in a trademark action.  Furthermore, Aureflam contends that PHP cannot claim damages based on the legal

5   fees incurred in defending the current action, as such fees are not within the scope of damages for which the

6   Lanham Act permits recovery in cases of fraud.  See 15 U.S.C. § 1120.  PHP argues that, as the

7   necessary information is in Aureflam's hands, the burden of pleading is relaxed and the pleading of

8   particularities may await reasonable discovery.  PHP also argues that attorneys' fees can be recovered in

9   instances when "a plaintiff's case is groundless, unreasonable, vexatious or pursued in bad faith."  Interstellar

10   Starship Services, Ltd. v. Epix, Inc., 184 F.3d 1107, 1112 (9th Cir. 1999) (quotations and citation

11   omitted) (denying attorneys' fees under 15 U.S.C. § 1117).

12       Under Fed. R. Civ. Pro. 9(b), "in all averments of fraud or mistake, the circumstances constituting

13   fraud or mistake shall be stated with particularity."  This heightened pleading requirement applies to claims

14   of fraud in the context of trademark cancellation proceedings.  See, e.g., San Juan Products, Inc. v. San

15   Juan Pools, Inc., 849 F.2d 468, 472 (10th Cir. 1998) ("fraud in the procurement must be alleged with

16   specificity as required by Rule 9(b), both in federal court and in PTO administrative proceedings"); King

17   Automotive, Inc. v. Speedy Muffler King, Inc., 667 F.2d 1008, 1010 (C.C.P.A. 1981) ("because

18   appellant's position sounds in fraud, the pleadings must satisfy Fed. R. Civ. P. 9(b)").  To demonstrate

19   fraud, a pleading must identify the "time, place and nature of the alleged fraudulent activities"; however,

20   "mere conclusory allegations of fraud are insufficient."  Moore v. Kayport Package Exp., Inc., 885 F.2d

21   531, 540 (9th Cir. 1989).  A fraud claim must specifically state the alleged fraud itself: "Plaintiffs may fairly

22   be expected to identify with specificity the defendant's alleged misrepresentations, though they are not

23   expected to plead with specificity the defendant's state of mind."  Concha v. London, 62 F.3d 1493, 1503

24   (9th Cir. 1995) (citations omitted).

25       Section 1120 provides that:

26       Any person who shall procure registration in the Patent and Trademark Office of a mark by
        a false or fraudulent declaration or representation, oral or in writing, or by any false means,
27       shall be liable in a civil action by any person injured thereby for any damages sustained in

28                                           4

United States District Court

For the Northern District of California

consequence thereof.

15 U.S.C. § 1120.

The plain language of the statute states that, in order to claim damages under Section 1120, PHP must demonstrate that the allegedly fraudulent registration of the "Pho Hoa" mark caused a legally cognizable injury.  While the Ninth Circuit has not addressed the instant situation of a later-arising Section 1120 claim, the Eighth Circuit has considered a very similar situation where a defendant counterclaimed for Section 1120 damages even though it was not in existence at the time of the alleged fraud. Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 990 (8th Cir. 1993). In that case, the Eighth Circuit held that Section 1120 counterclaims must arise from and at the time of registration rather than later use.  Applying the Eighth Circuit's reasoning, as the parties do not dispute that PHP incorporated seven years after the mark was registered, PHP cannot demonstrate injury as a direct result of Aureflam's registration.  PHP counters by relying on Epix for the proposition that it should instead be awarded attorney's fees under 15 U.S.C. § 1117(a), as Aureflam's case is "groundless, unreasonable, vexatious or pursued in bad faith."  PHP Opposition 19:20-26; See 15 U.S.C. § 1117(a); Epix, 184 F.3d at 1112. However, PHP has not pled a counterclaim under Section 1117(a), and neither Section 1117(a) nor Epix support its Section 1120 claim. Moreover, PHP's citation to Academy Award Products, Inc. v. Bulova Watch Co., 129 F. Supp. 780 (S.D.N.Y. 1955), aff'd, 233 F.2d 449 (2d Cir. 1956), in support of a Section 1120 claim for damages as a result of Aureflam's lawsuit is insufficient, as Academy Award Products involved a plaintiff which obtained a fraudulent mark intentionally to harass the defendant.  As PHP did not exist when Aureflam registered the "Pho Hoa" trademark, the mark simply cannot have been registered with the intent to harass PHP.

As PHP is pleading fraud in its counterclaim for damages, it must fulfill the heightened pleading requirements of Fed. R. Civ. Pro. 9(b).  While PHP contends that it has alleged all it can, PHP certainly is in a position to allege facts related to the trademark application itself, such as the specific false statements in the application.  PHP's reliance on Every v. American General Financial, Inc., 134 F.3d 1321 (7th Cir. 1998) for the proposition that the essential facts should be pulled from Aureflam's files on discovery is misplaced, as Every makes quite clear that PHP must demonstrate it cannot obtain the particulars of the

5

alleged fraud from other sources before claiming to have satisfied its Rule 9(b) burden.  See Every, 134 F.3d at 1323.  Similarly, United States ex rel. Yannacopolous v. General Dynamics, 315 F. Supp. 2d 939 (N.D. Ill. 2004) is inapposite, as PHP has not demonstrated to the Court that it cannot obtain the necessary details of the alleged fraud from sources other than Aureflam.  As PHP has not alleged facts sufficient to meet the pleading burden for fraud under Rule 9(b), nor has it alleged facts sufficient to sustain a Section 1120 claim, Aureflam's motion to dismiss PHP's second counterclaim is granted with leave to amend.

C.   PHP's Unfair Business Practices Counterclaim

Aureflam argues that PHP cannot assert an Unfair Business Practices claim under Cal. Bus. & Prof. Code § 17200 due to recent voter amendments to the law in the form of Proposition 64.  Specifically, Aureflam argues that PHP does not meet the newly-enacted standard requiring a showing of an actual injury that resulted from Aureflam's allegedly unfair business practices.  Aureflam further contends that PHP's Section 17200 claim cannot proceed on behalf of the general public, as such actions are barred by Proposition 64.  Finally, Aureflam argues that PHP's claim for attorney's fees under the California Private Attorney General doctrine should be precluded on the grounds that PHP cannot pursue the sort of representative action that would entitle it to fees.  See Cal. Civ. Proc. Code § 1021.5.[1]

PHP argues that it has suffered actual injury as a result of being required to defend itself against Aureflam's trademark litigation.  The litigation allegedly rises to the level of an unfair business practice by being part of a device to use the legal system to threaten and injure Vietnamese restaurants in competition with Aureflam through the assertion of the "Pho Hoa" trademark, which PHP again asserts was obtained through fraud.  PHP contends that this counterclaim is being pursued as a public service to Vietnamese restaurant operators who lack the resources to defend themselves against this pattern of litigation; thus, PHP claims that its Section 17200 claim is properly filed as a representative action and, further, that PHP will be entitled to attorney's fees under Section 1021.5 if it prevails.  See Cal Civ. Proc. Code § 1021.5.

In analyzing PHP's Section 17200 claim, Proposition 64 makes clear that, in order to sue for

---

[1] Aureflam also argues that PHP's state law counterclaims must fall as no basis for federal jurisdiction exists. However, as PHP's federal claims are either dismissed in part with leave to amend or upheld as sufficient, the issue is moot.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

injunctive relief under California's unfair business practices laws, a party must have "suffered injury in fact and [have] lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204.  In addition, Section 17535 allows representative actions for injunctive relief as long as a claimant meets the section's standing requirements and the class being represented meets the California class action lawsuit standards set forth in Cal. Civ. Proc. Code Section 382.  See Cal. Bus. & Prof. Code § 17535.

PHP's counterclaim alleges an illegal business practice stemming from Aureflam's Lanham Act suit against PHP and that this litigation is offensive "to the larger Vietnamese community." Since PHP has not adequately pled a claim that the "Pho Hoa" service mark was fraudulently obtained, however, the actual injury required for its individual Section 17200 claim does not exist.  Furthermore, PHP has not met the requirements of Cal. Code Civ. Proc. § 382 in pleading its claim as a representative action.  See Global Minerals & Metals Corp. v. Sup. Ct., 113 Cal. App. 4th 836, 858 (2003).  As a result of that failure, it cannot obtain attorneys' fees under Cal. Code Civ. Proc. § 1021.5.  Accordingly, Aureflam's motion to dismiss PHP's third counterclaim is granted with leave to amend in conformity with these requirements.

D.  Aureflam's Alternative Motion For a More Definite Statement

As PHP's counterclaims have been dismissed with leave to amend or upheld as sufficient in their own right, Aureflam's alternative motion for a more definite statement is denied.

V. CONCLUSION

Aureflam's motion to dismiss PHP's counterclaims is granted in part and denied in part and Aureflam's alternative request for a more definite statement is denied as moot.  PHP may amend its second and third claims for relief, if it so chooses, no later than 30 days from the date of this order.  If PHP fails to file amended counterclaims, the action will proceed as to PHP's first counterclaim, as well as on Aureflam's claims for relief.

IT IS SO ORDERED.

Dated: 6/24/05                                    /s/ Richard Seeborg
                                                RICHARD SEEBORG
                                                United States Magistrate Judge

7

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

**Counsel for Plaintiff(s)**

John C. Gorman
Email: jgorman@gormanmiller.com

**Counsel for Defendant(s)**

Lawrence P. Ramirez, Esq.
Email: sanjoselaw@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated:  June 24, 2005


                                        /s/ BAK
                                        Chambers of Magistrate Judge Richard Seeborg

9