John C. Gorman, #91515
Craig Alan Hansen, #209622
GORMAN & MILLER, P.C.
210 North Fourth Street, Suite 200
San Jose, CA. 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
and Counter-Defendant
AUREFLAM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUREFLAM CORPORATION, a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>PHO HOA PHAT I, INC., a California Corporation; PHO HOA PHAT II, INC., a California Corporation; JOHNNY LEE, an individual; and DOES 1 through 10, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C05 00746 RS<br><br>AUREFLAM CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT TWO AND COUNT THREE OF AMENDED COUNTERCLAIM OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: September 14, 2005<br>Time: 9:30 a.m.<br>Courtroom 4, 5th Floor<br><br>Hon. Richard Seeborg |

TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

PROCEDURAL HISTORY ........ 3

ARGUMENT ........ 3

I. AUREFLAM'S FEDERALLY REGISTERED MARK IS INCONTESTABLE ........ 3

II. THE SECOND COUNT OF THE COUNTERCLAIM FOR "DAMAGES" FROM FRAUD ON THE USPTO SHOULD BE DISMISSED ........ 5

A. The Counterclaim Does Not Sufficiently Allege That Aureflam Committed Fraud Against the USPTO ........ 5

B. The Counterclaim Does Not Sufficiently Allege That Defendants Were "Injured" as a Direct Result of Aureflam's Purported Fraud on the USPTO ........ 8

III. THE THIRD COUNT OF THE AMENDED COUNTERCLAIM FOR INJUNCTIVE RELIEF UNDER CAL. BUS. & PROF. CODE § 17200 SHOULD BE DISMISSED ........ 9

IV. THE SECOND AND THIRD COUNTS OF THE AMENDED COUNTERCLAIM SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ........ 11

## TABLE OF AUTHORITIES


Federal Cases — Page

Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361 (N.D. Cal. 2005) .......... 2, 6, 8, 10, 11

Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1048 (9th Cir. 1999) .......... 4

Concha v. London, 62 F.2d 1493 (9th Cir. 1995) .......... 5

Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) .......... 5

Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 990 (8th Cir. 1993) .......... 8, 11

Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203 (T.T.A.B. 1997) .......... 2, 6, 7

King Automotive, Inc. v. Speedy Muffler King, Inc., 667 F.2d 1008, 212 U.S.P.Q. 801 (C.C.P.A. 1981) .......... 6

Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189 (1985) .......... 4

San Juan Products, Inc. v. San Juan Pools, Inc., 849 F.2d 468, 472, 7 U.S.P.Q. 2d 1230 (10th Cir. 1998) .......... 5

Vess v. Ciba-Geigy Corp USA, 317 F.3d 1097, 1105 (9th Cir. 2003) .......... 5

State Cases

Bivens v. Corel Corporation, 24 Cal. Rptr. 3d 847 (2005) .......... 10

Branick v. Downey Sav. and Loan Association, 24 Cal.Rptr.3d 406 (2005) .......... 10

Brown v. Regents of University of California, 151 Cal. App. 3d 982, 198 Cal. Rptr. 916 (1984) .......... 10

Californian's for Disability Rights v. Mervyn's, LLC, 24 Cal. Rptr. 3d 301 (2005) .......... 10

Kennedy v. Baxter Healthcare Corp., 43 Cal. App. 4th 799, 50 Cal. Rptr. 2d 736 (1996) .......... 10

McCullah v. Southern Cal. Gas. Co., 82 Cal. App. 4th 495, 98 Cal. Rptr. 2d 208 (2000) .......... 10

Richmond v. Dart Industries, Inc., 29 Cal. 3d 462, 470, 174 Cal. Rptr. 515, 629 P.2d 23. 1981 .......... 10

Federal Statutes

15 U.S.C. § 1064 .......... 3

15 U.S.C. § 1065 ... 1
15 U.S.C. § 1114 ... 3
15 U.S.C. § 1115(b) ... 1, 4
15 U.S.C. § 1119 ... 1
15 U.S.C. § 1120 ... 1, 2, 3, 9, 12
15 U.S.C. § 1125 ... 3

State Statutes

Cal. Bus. & Prof. Code § 17200 ... 1, 3, 9, 10, 11, 12
Cal. Bus. & Prof. Code § 17203 ... 9
Cal. Bus. & Prof. Code § 17204 ... 9
Cal. Bus. & Prof. Code § 17500 ... 3
Cal. Civ. Proc. Code § 382 ... 2, 9, 10, 11

Rules

Fed. R. Civ. P. 9(b) ... 1, 4, 5
Fed. R. Civ. P. 12(b)(6) ... 1, 5
Fed. R. Civ. P. 12(e) ... 1

OTHER AUTHORITIES

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004) ... 4, 6
McCarthy, McCarthy on Trademarks and Unfair Competition Law, (West Group 2005), § 31.80 ... 8

TO DEFENDANTS/COUNTERCLAIMANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2005 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Richard Seeborg, plaintiff and counter-defendant Aureflam Corporation ("Aureflam") will move for an order dismissing Count Two and Count Three of the Amended Counterclaim of defendants and counter-claimants Pho Hoa Phat I, Inc., Pho Hoa Phat II, Inc., and Johnny Lee (collectively "defendants").

This motion is made pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) on the basis that Count Two and Count Three of the amended counterclaim fail to state a claim upon which relief may be granted and do not plead fraud with the requisite particularity. Alternatively, Aureflam moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e) on the basis that the amended counterclaim is so vague and ambiguous that Aureflam cannot reasonably be required to frame a responsive pleading.

## MEMORANDUM OF POINTS AND AUTHORITIES

This case was filed by Aureflam as an action for infringement of its federally registered service mark on the term "Pho Hoa" in the category of restaurant services. The "Pho Hoa" mark has been in use since 1986 and was registered with the USPTO in November 1996. It has now become incontestable pursuant to Section 15 (15 U.S.C. § 1065) and Section 33(b) (15 U.S.C. § 1115(b)) of the Lanham Act.

Defendants admittedly operate Vietnamese-style restaurants under the name "Pho Hoa Phat" in Pleasant Hill and Vallejo, California. It is further undisputed that the corporate defendants were incorporated on January 13, 2004 (i.e., more than seven years <u>after</u> the federal registration of Aureflam's "Pho Hoa" service mark).

The amended counterclaim consists of three counts: (1) cancellation of Aureflam's service mark registration pursuant to 15 U.S.C. § 1119; (2) damages under 15 U.S.C. § 1120; and (3) injunctive relief under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("Section 17200").

The second and third counts of amended counterclaim represent defendants' second attempt to plead claims under 15 U.S.C. § 1120 and Section 17200. These claims, as alleged in the initial counterclaim, were dismissed by the Honorable Richard Seeborg on June 24, 2005, with leave to

amend. Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361 (N.D. Cal. 2005).

Mag. Seaborg's published June 24, 2005 decision dismissed defendants' "damages" claim under 15 U.S.C. § 1120 on two grounds: (1) defendants' fraud allegations were insufficient under Rule 9(b); and (2) defendants could not "demonstrate injury as a direct result of Aureflam's registration" since they were not incorporated until seven years thereafter. Aureflam at *5-6. Defendants' Section 17200 claim was dismissed because: (1) defendants had not alleged the requisite "injury in fact" under § 17204 (as modified by Prop 64) since defendants' fraud claim was not properly pleaded; and (2) defendants' purported representative action did not meet California's class action lawsuit standards under CCP § 382. Aureflam at *6-7.

Defendants' amended counterclaim does not cure these defects.

As to defendants' claim for "damages" under 15 U.S.C. § 1120, defendants do not allege any "new facts" demonstrating that Aureflam's service mark application was "fraudulent" or that they were injured (or could have been injured) by the November 19, 1996 trademark registration. Instead, defendants generally allege that there were "many restaurants" using the Pho Hoa name at the time that Aureflam filed its service mark application. Defendants do not actually identify any these mysterious restaurants or explain how their purported right to use the "Pho Hoa" mark was superior to Aureflam's. Defendants similarly fail to allege facts demonstrating that Aureflam knew about these restaurants or that it intended to defraud the USPTO. These missing "facts" are essential under Rule 9(b) to allege that a trademark application was "fraudulent." Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q. 2d 1203, 1206 (T.T.A.B. 1997)

Defendants also newly allege that Aureflam's "Declaration of Incontestability of a Mark under Section 15" was "falsely filed in or about November of 2004." (Amnd. Counter-Claim at 7, ¶ 3). Aureflam's Section 15 declaration -- which was actually filed on September 22, 2004[1] -- states only that: (1) Aureflam has been in continuous use of the "Pho Hoa" mark for a period of at least five years since it was registered, (2) there has been no final decision adverse to Aureflam's claim of ownership or registration of the Pho Hoa mark; and (3) there is no pending action challenging

[1] The Section 15 declaration, which is attached to the amended counterclaim as Exhibit B, clearly indicates that it was filed with the USPTO on September 22, 2004. The declaration was later acknowledged by the USPTO as meeting the requirements of Section 15 on November 26, 2004.

Aureflam's rights to the mark. (Amnd. Counter-Claim, Ex. B). The amended counterclaim contains absolutely no facts suggesting that any of these statements were actually "false" when the declaration was filed. Moreover, since the filing of the Section 15 declaration is not required to "procure registration" of a trademark, a false Section 15 declaration does not create a basis for "damages" under 15 U.S.C. § 1120.

Since the Pho Hoa Phat defendants' amended counterclaim fails to sufficiently allege that Aureflam committed fraud on the USPTO, "the actual injury required for its individual Section 17200 claim does not exist." Moreover, like the initial counterclaim, the amended counterclaim fails to meet the "class action" certification requirements of CCP § 382.

## PROCEDURAL HISTORY

Aureflam filed this lawsuit asserting violation of the Lanham Act (15 U.S.C. §§ 1114 and 1125) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 & 17500) on February 18, 2005.

On March 21, 2005, defendants filed a motion to dismiss the complaint on various grounds. This motion was denied on April 27, 2005.

On April 29, 2005, the Pho Hoa Phat defendants filed an answer denying Aureflam's claims and asserting counterclaims for (1) cancellation of Aureflam's service mark registration; (2) damages resulting from fraud upon the USPTO; and (3) injunctive relief under Section 17200.

On May 18, 2005, Aureflam filed a motion to dismiss the counterclaims or, alternatively, for more definite statement.

On June 24, 2005, the court granted Aureflam's motion to dismiss the second and third counterclaims with 30 days leave to amend. Aureflam's motion was denied as to the first counterclaim alleging that the Pho Hoa mark was "generic."

Defendants' amended counterclaim was filed on July 25, 2005.

## ARGUMENT

### I. AUREFLAM'S FEDERALLY REGISTERED MARK IS INCONTESTABLE

An action to cancel a federal trademark typically must be filed within five years of the date of registration of the challenged mark. 15 U.S.C. § 1064. After the five year period has elapsed, a

registered mark may not be cancelled based on the existence of a previously registered or used trademark:

> Perhaps the most important ground foreclosed after five years ... is cancellation based on the petition's ownership of a registered or used trademark. Thus, if a trademark user obtains federal registration and proceeds to build a business under the mark without knowledge of a prior, remote and unregistered mark, it is vulnerable to having its registration cancelled under Section 14 at the behest of the prior user for only five years. At the end of five years, however, the prior use may not be asserted as a ground for cancellation and is forever barred under Section 14.

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004), § 4.03[1] (emphasis added).

Once a mark has become "incontestable," such registration represents conclusive evidence of the mark's validity, the registrant's ownership of the mark, and its exclusive right to use the mark in commerce by virtue of 15 U.S.C. § 1115(b):

> Under Section 33(b), as amended in 1988, an incontestable registration is "conclusive evidence" of (1) the validity of the registered mark, (2) the registrant's ownership of the mark, and (3) the registrant's exclusive right to use the mark in commerce. The "conclusive evidence" of the "exclusive right to use" are powerful arsenals in the hands of a plaintiff in an infringement action.

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004), §4.03[3](emphasis added).

Accord, Park'N Fly v. Dollar Park and Fly, Inc., 469 U.S. 189 (1985) (infringement action involving incontestable registration "may not be defended on the grounds that the mark is merely descriptive."); Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1048 (9th Cir. 1999)(plaintiff's "federally registered trademark ... is now incontestable, meaning that its validity and legal protectability, as well as [its] ownership therein, are all conclusively presumed.").

An "incontestable" trademark is invulnerable to attack except under a handful of very narrow exceptions. One exception is where a defendant proves that the challenged registration was obtained "fraudulently." 15 U.S.C. § 1115(b)(1). While the amended counterclaim appears to rely upon this exception, the fraud allegations contained in the counterclaim do not remotely satisfy the exacting Fed. R. Civ. P. 9(b).

## II. THE SECOND COUNT OF THE COUNTERCLAIM FOR "DAMAGES" FROM FRAUD ON THE USPTO SHOULD BE DISMISSED

### A. The Counterclaim Does Not Sufficiently Allege That Aureflam Committed Fraud Against the USPTO

Fed. R. Civ. P. 12(b)(6) requires dismissal of a counterclaim unless the pleader's allegations "state a claim upon which relief can be granted." Fed. R. Civ. P. 9(b) mandates that any allegedly fraudulent conduct must be pleaded with particularity:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Accord, Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-1023 (9th Cir. 2000)(fraud must be pled "with a high degree of meticulousness").

> The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity, defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing.

Concha v. London, 62 F.2d 1493, 1502-1503 (9th Cir. 1995)(emphasis added).

Allegations that do not comply with heightened pleading requirements of Rule 9(b) must be disregarded for purposes of ruling on a motion to dismiss: "[I]f particular averments of fraud are insufficiently plead under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim." Vess v. Ciba-Geigy Corp USA, 317 F.3d 1097, 1105 (9th Cir. 2003)(emphasis added). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." Id. at 1107.

It is well established that a cancellation proceeding premised upon a litigant's allegation that a federally registered trademark has been "fraudulently" obtained is subject to Rule 9(b)'s stringent pleading requirements. San Juan Products, Inc. v. San Juan Pools, Inc., 849 F.2d 468, 472, 7 U.S.P.Q. 2d 1230 (10th Cir. 1998) ("fraud in the procurement [of a trademark] must be alleged with specificity as required by Rule 9(b), both in federal court and in PTO administrative proceedings");

King Automotive, Inc. v. Speedy Muffler King, Inc., 667 F.2d 1008, 212 U.S.P.Q. 801 (C.C.P.A. 1981)("because appellant's petition sounds in fraud, the pleadings must satisfy Fed. R. Civ. P. 9(b)." These authorities were adopted and applied by this court in ruling on Aureflam's prior motion to dismiss. Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361, *4 (N.D. Cal. 2005).

Under these authorities, general averments that a trademark applicant had knowledge of another's superior rights to the mark do not suffice:

> Alleging merely that an applicant "knew or should have known" that another party had superior rights in the mark at issue is insufficient if the allegations set forth no facts on which to base the conclusion.

Gilson, Lalonde, and Green, Trademark Protection and Practice, (Mathew Bender 2004), § 11.08[3][a][ii][A].

Accord, Intellimedia Sport Inc. v. Intellimedia Corp., 43 U.S.P.Q. 2d 1203 (T.T.A.B. 1997).

In Intellimedia Sports, the TTAB emphasized the necessity that certain key matters be pled with particularity in order to state a cognizable claim for cancellation or damages based on alleged "fraud on the USPTO":

> To withstand a motion to dismiss, a plaintiff claiming that the declaration or oath in defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed, must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

Id. at 1206 (emphasis added).

The amended counterclaim filed by the Pho Hoa Phat defendants does not allege with the requisite particularity that Aureflam defrauded the USPTO in connection with its service mark application. Rather, the amended counterclaim generally avers:

> The Declaration and/or oath in Aureflam's Application for Registration (Exhibit A hereto) was executed fraudulently in that, as of May 25, 1995, the date of the Declaration, there were many restaurants using the name "Pho Hoa" as part or all of their name, in Vietnam, in the United States and in other countries; the name "Pho Hoa" is commonly

> known by those who share Vietnamese culture as generically designating a restaurant that serves pho; all restaurants had identical rights to use such phrase drawn from Vietnamese culture; the applicants knew that they had no legal claim to exclusive use of the phrase; the applicants knew that no trademark could rightfully be issued for "Pho Hoa;" and the applicants knew that they were falsely and fraudulently declaring that "no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in ... near resemblance thereto.".

(Amended Counterclaim at 6-7, ¶ 2)(emphasis added).

Defendants' allegations do not identify any of the "many restaurants" that were supposedly using the Pho Hoa service mark as of Aureflam's service mark application, how such use of the mark was superior to Aureflam's, or why the Pho Hoa Phat defendants believe that Aureflam was supposedly aware of such pre-existing usage. In sum, the allegations do not come close to satisfying the rigorous pleading requirements established by Rule 9 and <u>Intellimedia</u>.

The counterclaim also avers that Aureflam committed fraud in connection with the filing of its Section 15 declaration which was filed on September 22, 2004:

> The Declaration of Incontestability of a Mark under Section 15 attached hereto as part of Exhibit B was falsely and fraudulently filed in or about November of 2004 in that Aureflam had such Declaration filed knowing that Aureflam had no right to claim exclusive use of the mark and that the registration had been falsely and fraudulently obtained.

(Amended Counterclaim at 7, ¶ 3).

Aureflam's Section 15 declaration in fact attests:

> The owner is using or is using through a related company or licensee the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use in commerce for five consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with all goods and/or services as identified above. There has been no final decision adverse to the owner's claim of ownership of such mark for such goods and/or services, or to the owner's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

(Amended Counterclaim, Ex. B).

The amended counterclaim <u>does not allege any facts</u> suggesting that (1) Aureflam is not "using the [Pho Hoa] mark in commerce on or in connection with" restaurants services; (2) that the

"Pho Hoa" mark has not "been in continuous use in commerce for five consecutive years after the date of registration" or publication; (3) that there has been a "final decision adverse to [Aureflam's] claim of ownership of such mark for such goods and/or services, or to [Aureflam's] right to register the same or to keep the same on the register;" or (4) that, as of September 22, 2004, there was a "proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts."

The fact of the matter is that when Aureflam filed its Section 15 declaration, each of the statements contained therein were absolutely true. The only thing that has changed since that time is the fact that the Pho Hoa Phat defendants have since filed a frivolous counterclaim challenging Aureflam's registration of the "Pho Hoa" service mark. This counterclaim, which was initiated on April 29, 2005, obviously was not "pending" when Aureflam's Section 15 declaration was filed on September 22, 2004. Defendants do not allege that there were any other challenges to Aureflam's trademark registration pending as of September 22, 2004 and do not allege any facts otherwise demonstrating that the Section 15 declaration filed by Aureflam was false in any way.

B. The Counterclaim Does Not Sufficiently Allege That Defendants Were "Injured" as a Direct Result of Aureflam's Purported Fraud on the USPTO

As this court previously recognized, the Pho Hoa Hiep defendants cannot demonstrate that they were inured by Aureflam's November 19, 1996 service mark registration because they were not incorporated until seven years thereafter. This conclusion based on the Eighth Circuit's well-reasoned decision in Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 990 (8th Cir. 1993):

> In that case, the Eighth Circuit held that Section 1120 counterclaims must arise from and at the time of registration rather than later use. Applying the Eighth Circuit's reasoning, as the parties do not dispute that PHP incorporated seven years after the mark was registered, PHP cannot demonstrate injury as a direct result of Aureflam's registration.

Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361, *5 (N.D. Cal. 2005).

This reasoning holds equally true for the amended counterclaim. Defendants allege no new facts demonstrating that they were "injured" as a direct result of Aureflam's registration.

Defendants also cannot state a claim for "injury" under 15 U.S.C. § 1120 based on the suposedly "fraudulent" the filing of Aureflam's Section 15 declaration. This declaration is not a requirement for Aureflam's procurement (or continued registration) of the "Pho Hoa" service mark. "While § 8 and § 9 affidavits go to the continuance of the registration itself, § 15 does not." McCarthy, McCarthy on Trademarks and Unfair Competition Law, (West Group 2005), § 31.80. Damages under 15 U.S.C. § 1120 are only available against a person who has "procure[d] registration" through "false or fraudulent" statements to the USPTO. Because the Section 15 declaration is not necessary to "procure registration," a false Section 15 declaration does not create a basis for "damages" under 15 U.S.C. § 1120.

## III. THE THIRD COUNT OF THE AMENDED COUNTERCLAIM FOR INJUNCTIVE RELIEF UNDER CAL. BUS. & PROF. CODE § 17200 SHOULD BE DISMISSED

The third count of the amended counterclaim seeks injunctive relief under Cal. Bus. & Prof. Code § 17200 to preclude Aureflam from using the term "Pho Hoa" on the basis that its trademark registration and associated usage is "an affront to the Vietnamese community." (Amnd. Counterclaim at 8, ¶ 3). Defendants allege that Aureflam has committed an "unlawful business practice" under Section 17200 by "employing its null and void service mark obtained through false and fraudulent declarations as a device to threaten and injure Vietnamese restaurants that are in competition with or that may be in competition with plaintiff's franchisees into abandoning the name "Hoa" in connection with "Pho." (Id. at 8, ¶ 2). Defendants further allege that they are "victims" of this practice and have suffered "actual loss" in the form of "attorneys' fees incurred in defending against Aureflam's infringement action. (Id. at 8-9, ¶ 4). Finally, defendants further allege that they are entitled to pursue a representative action on behalf of "restaurant owners and operators who use the phrase 'Pho Hoa' in connection wit their restaurants" under Cal. Bus. & Prof. Code § 17203 and § 382.

As this court previously observed, the recent changes to Cal Bus. & Prof. Code § 17204 (as amended by Prop. 64) provide that a person lacks standing to bring a § 17200 claim (either directly or on behalf of a representative class) unless they have suffered "injury in fact". Since defendants had not adequately alleged their "fraud on the USPTO" claim, they similarly failed to allege the requisite "injury in fact" under Section 17200:

> In analyzing PHP's Section 17200 claim, Proposition 64 makes clear that, in order to sue for injunctive relief under California's unfair business practices laws, a party must have "suffered injury in fact and [have] lost money or property as a result of such unfair competition. ....
>
> Since PHP has not adequately pled a claim that the "Pho Hoa" service mark was fraudulently obtained, however, the actual injury required for its individual Section 17200 claim does not exist.

Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361, *7 (N.D. Cal. 2005).[2]

The same reasoning applies to the amended counterclaim. Because defendants have not adequately alleged their claim of "fraud on the USPTO," their associated Section 17200 claim fails as well.

This court's June 24, 2005 order further held that defendants could not maintain their Section 17200 "representative action" as their pleadings did not meet the requirements for class-action certification under Cal. Civ. Proc. Code § 382. Aureflam, at *7. The amended counterclaim similarly fails in this respect.

"The party seeking certification as a class representative must establish the existence of an ascertainable class and a well-defined community of interest among the class members. The community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." Richmond v. Dart Industries, Inc., 29 Cal. 3d 462, 470, 174 Cal. Rptr. 515, 629 P.2d 23. 1981. These issue may be resolved at the pleading stage where the allegations reveal that the requirements under CCP § 382 are not met. McCullah v. Southern Cal. Gas. Co., 82 Cal. App. 4th 495, 98 Cal. Rptr. 2d 208 (2000)(sustaining demurrer to improper class action allegations); Kennedy v. Baxter Healthcare Corp., 43 Cal. App. 4th 799, 50 Cal. Rptr. 2d 736 (1996)(same); Brown v. Regents of University of California, 151 Cal. App. 3d 982, 198 Cal. Rptr. 916 (1984)(same).

---

[2] This court's reasoning is consistent with several recent decisions of the California Courts of Appeal. Californian's for Disability Rights v. Mervyn's, LLC, 24 Cal. Rptr. 3d 301 (2005)(nonprofit corporation, who suffered no direct injury, lacked standing to bring 17200 claim to protect interests of persons with disabilities where); Bivens v. Corel Corporation, 24 Cal. Rptr. 3d 847 (2005)(unaffected plaintiff lacked standing to bring 17200 claim to enjoin allegedly unlawful rebate scheme); Branick v. Downey Sav. and Loan Association, 24 Cal.Rptr.3d 406 (2005). These decisions are presently under review by the California Supreme Court on the issue of Prop 64's retroactive application.

The allegations of the amended cross-complaint reveal that the requirements of CCP § 382 are not remotely satisfied. For obvious reasons, defendants' proposed class of "restaurant owners and operators who use the 'Pho Hoa' in connection with their restaurants" do not all stand in the same position and do not share the same claims and defenses.

As discussed above, the ability to show "actual injury" from an allegedly fraudulent trademark registration depends on whether the challenger was using the same mark at the time that the challenged registration was issued. Aureflam Corporation v. Pho Hoa Phat I, Inc., 2005 WL 1561361, *5 (N.D. Cal. 2005); Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 990 (8th Cir. 1993). The members of the defendants' proposed class (to the extent that they exist) would undoubtedly have used the "Pho Hoa" mark during different periods -- each with different proximity to Aureflam's trademark registration. This would directly affect the viability of their respective claims against Aureflam. Moreover, Aureflam's defenses to such claims would vary depending on a multitude of factors such as: whether the class member was willfully infringing Aureflam's mark (invoking an "unclean hands" defense), whether they had known about Aureflam's use of the "Pho Hoa" mark and failed to act (invoking "waiver" and/or "estoppel" defenses); whether they were a licensee/franchisee of Aureflam (raising potential contract-based defenses), etc. The resolution of each of these issues would require a "mini-trial" for each member of defendants' proposed class. It is hard to think of a case less suitable for class certification than the purported Section 17200 claim asserted by defendants.

## IV. THE SECOND AND THIRD COUNTS OF THE AMENDED COUNTERCLAIM SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Defendants conceded during the last round of pleadings that they were unaware of any facts demonstrating that Aureflam actually submitted false information to the USPTO in connection with its service mark application. Based on the vague and specious allegations of the amended counterclaim, it is obvious that nothing has changed (or will change). Defendants were generously given 30 days in which to conform their pleadings to the requirements of Rule 9(b) and have utterly failed to do so. Because defendants are obviously unable to state claims under either 15 U.S.C. 1120 or Cal. Bus. & Prof. Code § 17200, the second and third counts of the amended counterclaim should

be dismissed without leave to amend.

GORMAN & MILLER, P.C.

By /s/ CRAIG ALAN HANSEN
CRAIG ALAN HANSEN
Attorneys for Plaintiff and Counter-Defendant Aureflam Corporation