**E-Filed**
September 16, 2005

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUREFLAM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PHO HOA PHAT I, INC., ET AL,<br><br>Defendants. | NO. C 05 00746 RS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' SECOND AND THIRD COUNTERCLAIMS |

I. INTRODUCTION

Plaintiff Aureflam Corporation ("Aureflam") moves to dismiss the second and third amended counterclaims filed by defendants Pho Hoa Phat I, Inc., Pho Hoa Phat II, Inc., and Johnny Lee (collectively, "PHP") for failure to state sufficient claims under Fed. R. Civ. Pro. 12(b)(6) and 9(b), or, in the alternative, for a more definite statement under Fed. R. Civ. Pro. 12(e). The motion is based on Aureflam's contentions that, (1) PHP has failed to plead fraud with particularity as required under Fed. R. Civ. Pro. 9(b); (2) statutory damages under 15 U.S.C. § 1120 are not available in the absence of a sufficient averment of fraud; and, (3) PHP's claim for injunctive relief under Cal. Bus. & Prof. Code § 17200 is unavailable under the facts as plead in the complaint. The motion was fully briefed and heard by the Court on September 14, 2005. Based on all papers filed to date, as well as on the oral argument of

counsel, Aureflam's motion to dismiss the second and third amended counterclaims is granted, as explained below.

## II. BACKGROUND

Aureflam operates a chain of restaurants serving Vietnamese-style cuisine under the name "Pho Hoa" and is also the owner of the federally registered service mark "Pho Hoa" covering the field of "restaurant services," registered at the United States Patent & Trademark Office ("PTO") on November 19, 1996 (Registration No. 2,017,091). PHP operates Vietnamese-style restaurants that conduct business under the name "Pho Hoa Phat." Prior to this lawsuit, Aureflam demanded that PHP cease and desist the use of the name "Pho Hoa Phat," but PHP refused.

Thereafter, Aureflam filed a complaint, alleging infringement of its federally registered service mark on the term "Pho Hoa" in the category of restaurant services and alleging that PHP is engaged in an unlawful business practice under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. PHP filed counterclaims for 1) cancellation of Aureflam's service mark registration; 2) damages resulting from fraud upon the PTO; and, 3) injunctive relief under Section 17200. Aureflam moved to dismiss those counterclaims. By order issued on June 24, 2005, Aureflam's motion was granted in part and denied in part. Specifically, Aureflam's motion to dismiss PHP's first counterclaim was denied while the motion to dismiss the second and third counterclaims was granted with leave to amend. On July 25, 2005 PHP filed amended counterclaims and Aureflam now moves to dismiss the second and third amended counterclaims.

## III. STANDARDS

In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). That said, "A complaint....should serve to seek redress for a wrong, not to find one." Segal v. Gordon, 467 F.2d 602, 607-08 (2nd Cir. 1972). With these standards in mind, the court now reviews the allegations contained in plaintiffs' motion.

## IV. DISCUSSION

A. <u>PHP's Fraud Damages Counterclaim</u>

Aureflam argues that PHP has again failed to meet its burden to allege fraud in a trademark action under Fed. R. Civ. Pro. 9(b), PHP's new allegation that Aureflam falsely and fraudulently filed a "Declaration of Incontestability of a Mark" under the Lanham Act notwithstanding. PHP responds that it has adequately pled fraud.

As stated in the Court's prior order, since PHP is pleading fraud in its counterclaim for damages, it must fulfill the heightened pleading requirements of Fed. R. Civ. Pro. 9(b). To demonstrate fraud, a pleading must identify the "time, place and nature of the alleged fraudulent activities"; however, "mere conclusory allegations of fraud are insufficient." <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989). A fraud claim must specifically state the alleged fraud itself. "Plaintiffs may fairly be expected to identify with specificity the defendant's alleged misrepresentations, though they are not expected to plead with specificity the defendant's state of mind." <u>Concha v. London</u>, 62 F.3d 1493, 1503 (9th Cir. 1995) (citations omitted).

Aureflam relies on the requirements set forth in <u>Intellimedia Sport Inc. v. Intellimedia Corp.</u>, 43 U.S.P.Q. 2d 1203 (T.T.A.B. 1997) to support its motion to dismiss the claims that the oath or declaration in its application for registration of the mark was executed fraudulently. In that case, the court held that a plaintiff:

> Must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

<u>Id</u>. at 1206.

PHP submits that it has met the <u>Intellimedia Sports</u> requirement by stating that as of May 25, 1995, when Aureflam applied for the mark:

> there were many restaurants using the name "Pho Hoa" as part or all of their name, in Vietnam, in the United States and in other countries; the name "Pho Hoa" is commonly known by those who share Vietnamese culture as generically designating a restaurant that serves pho; all restaurants had identical rights to use such phrase drawn from Vietnamese culture; the applicants knew that they had no legal claim to exclusive use of the phrase; the applicants knew that no trademark could

3

   rightfully be issued for "Pho Hoa"; and applicants knew that they were falsely and fraudulently declaring that "no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in ... near resemblance thereto." (See Amended Counterclaim at pp. 6-7).

  This generalized statement of Aureflam's alleged knowledge containing conclusions but without factual support does not rise to the level of particularity outlined in <u>Intellimedia Sports</u> and required by Fed. R. Civ. Pro.9(b). Similarly, the amended counterclaim does not allege any particular facts to support PHP's claim that the Declaration of Incontestability of a Mark was filed falsely or fraudulently by Aureflam in November 2004.

  If the only defect this Court found in the second amended counterclaim was the failure by PHP to meet the requirements under Rule 9(b), leave to amend might well be warranted one final time. In this instance, however, leave to amend would be futile as PHP has also failed to allege any new facts which satisfy the direct injury requirement for a Section 1120 claim.

  In granting Aureflam's prior motion to dismiss, the Court noted that to claim damages under 15 U.S.C. § 1120, PHP must demonstrate the allegedly fraudulent registration of the "Pho Hoa" mark caused a legally cognizable injury. In arriving at that conclusion, the Court relied on <u>Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.</u>, 989 F.2d 985, 990 (8th Cir. 1993), in which the Eighth Circuit held that injury from Section 1120 counterclaims must arise from and at the time of registration rather than through later use. In its amended counterclaim, PHP simply disputes that conclusion instead of advancing facts that demonstrate injury as a direct result of the allegedly fraudulent service mark application. PHP again relies on <u>Academy Award Products, Inc. v. Bulova Watch Co.</u>, 129 F. Supp. 780 (S.D.N.Y. 1955), <u>aff'd</u>, 233 F.2d 449 (2d Cir. 1956) to support its contention that it has been injured by Aureflam's continuing violation. As noted in the previous order, however, <u>Academy Award Products</u> is distinguishable in that, there, the plaintiff obtained a fraudulent mark intentionally to harass the particular defendant, an averment not present in the amended counterclaims. As PHP did not exist when Aureflam registered the "Pho Hoa" trademark, it simply cannot have been registered with the intent to harass PHP. Likewise, PHP has not adequately averred how it was damaged by the Declaration of Incontestability, which it conclusorily labels

4

as fraudulent.[1] As PHP has not alleged any new facts sufficient to meet the pleading burden for fraud under Rule 9(b), nor has it alleged any new facts sufficient to sustain a Section 1120 claim, Aureflam's motion to dismiss PHP's second amended counterclaim is granted without leave to amend.

### C.  PHP's Unfair Business Practices Counterclaim

Aureflam's previous motion to dismiss the third counterclaim was granted with leave to amend in light of the inadequacy of PHP's underlying fraud claim and concomitant lack of actual injury for purposes of Section 17200. Additionally, the Court stated that PHP had not met the requirements of Cal. Civ. Code. Proc § 382 in pleading its claim as a representative action.

In its amended counterclaim PHP has failed, as discussed above, to plead properly its claim that the "Pho Hoa" mark was fraudulently obtained. Therefore the "actual injury" required for a Section 17200 claim is still missing. PHP argues that it has suffered an actual injury by virtue of the attorneys' fees incurred in responding to the principal claim filed by Aureflam. The Court has not located, nor did PHP cite, any authority which supports the proposition that attorneys' fees incurred in this action may constitute an actual injury for purposes of a Section 17200 counterclaim. PHP argues that there are several cases on review at the California Supreme Court involving the definition of "actual damages" and that this uncertainty should caution against dismissal. While it is true several of the cases originally cited by Aureflam[2] are presently under review at the California Supreme Court, they present the issue of the retroactivity of the voter approved Proposition 64. Although it is perhaps conceivable that a definition of "actual damages" may emanate from the state Supreme Court on those cases that would include attorneys' fees, there is no current authority which provides that such fees constitute an actual injury for the purpose of Section 17200.

Furthermore, even if PHP had alleged an actual injury, it would also have to meet the representative action requirements set forth in Cal. Civ. Code Proc. § 382. See Global Minerals & Metals Corp. v. Sup. Ct., 113 Cal. App. 4th 836, 858 (2003). PHP argues it has met those requirements and can "pursue this

---

[1] Aureflam also correctly avers that because the filing of a Declaration of Incontestability is not necessary to obtain registration of a mark with the PTO, it cannot provide the basis for a damages claim under 15 U.S.C. § 1120.

[2] Californian's for Disability Rights v. Mervyn's, LLC, 24 Cal. Rptr. 3d 301 (2005); Bivens v. Corel Corporation, 24 Cal. Rptr. 3d 847 (2005); Branick v. Downey Sav. and Loan Association, 24 Cal. Rptr. 3d 406 (2005).

action as a representative of restaurant owners and operators who use the phrase 'Pho Hoa' in connection with their restaurants". (See Opposition at p.13). This general attempt to allege a class, however, is too imprecise to constitute an ascertainable class which would afford proper notice to its members or allow Aureflam to frame an appropriate defense.

Accordingly, since PHP has not properly pled its claim that the service mark was fraudulently obtained, and because attorneys' fees do not appear to constitute an actual injury under the statute, Aureflam's motion to dismiss PHP's third amended counterclaim is granted without leave to amend.

### D. Aureflam's Alternative Motion For a More Definite Statement

As PHP's counterclaims have been dismissed, Aureflam's alternative motion for a more definite statement is denied as moot.

## V. CONCLUSION

For the reasons stated herein, Aureflam's motion to dismiss PHP's second and third amended counterclaims without leave to amend is granted.

IT IS SO ORDERED.

Dated: September 16, 2005  /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge